**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF PENNSYLVANIA**
**PITTSBURGH DIVISION**

| | |
|---|---|
| PRESTON LUNA, Individually and For Others Similarly Situated<br><br>v.<br><br>ATI INC. d/b/a ALLEGHENY TECHNOLOGIES, INC. | **Case No. 2:25-cv-01173-MRH**<br><br>Jury Trial Demanded<br><br>FLSA Collective Action |

# FIRST AMENDED COLLECTIVE ACTION COMPLAINT

## SUMMARY

1. Preston Luna ("Luna") brings this collective action to recover unpaid wages and other damages from ATI Inc. d/b/a Allegheny Technologies, Inc. (ATI).

2. ATI employed Luna as one of its Hourly Employees (defined below).

3. Luna and the other Hourly Employees regularly work more than 40 hours in a week.

4. ATI pays Luna and the other Hourly Employees by the hour.

5. But ATI does not pay them for all their hours worked, including overtime hours.

6. Instead, ATI pays Luna and the other Hourly Employees non-discretionary bonuses, including referral bonuses and "profit sharing" bonuses, that it fails to include in these employees' regular rates of pay for overtime purposes (ATI's "bonus pay scheme")

7. ATI's bonus pay scheme violates the Fair Labor Standards Act (FLSA) by failing to compensate Luna and the other Hourly Employees at least 1.5 times their regular rates of pay—based on all remuneration—for all hours worked in excess of 40 in a workweek.

## JURISDICTION & VENUE

8. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this case involves a federal question under the FLSA. 29 U.S.C. § 216(b).

9. This Court has general personal jurisdiction over ATI because it is registered to do business in Pennsylvania and maintains its principal place of business in Pittsburgh, Pennsylvania. *See Mallory v. Norfolk Southern Railway Co.*, 600 U.S. 122, 134 (2023); *see also* 42 PA. CONS. STAT. § 5301.

10. Venue is proper because ATI maintains its principal place of business in Pittsburgh, Pennsylvania, which is in this District and Division. 28 U.S.C. § 1391(b)(1).

## PARTIES

11. ATI has employed Luna as a shift lead and non-destructive technician in California since approximately February 2015.

12. Throughout his employment, ATI paid Luna under its bonus pay scheme.

13. Luna's written consent was filed as Exhibit 1 to the Original Complaint. Doc. 1-1.

14. Luna brings this collective action on behalf of himself, and other similarly situated ATI employees under its bonus pay scheme.

15. The putative collective of similarly situated employees is defined as:

> **All hourly ATI employees who worked during the last three years through final resolution of this action (the "Hourly Employees").**

16. ATI is a Delaware Corporation headquartered in Pittsburgh, Pennsylvania.

17. ATI has been served with process and appeared in this matter through counsel.

## FLSA COVERAGE

18. At all relevant times, ATI was an "employer" within the meaning of the FLSA. 29 U.S.C. § 203(d).

19. At all relevant times, ATI was an "enterprise" within the meaning of the FLSA. 29 U.S.C. § 203(r).

20. At all relevant times, ATI was an "enterprise engaged in commerce or in the production of goods for commerce" within the meaning of the FLSA because it had employees

engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials—such as phones, computers, pens, and paper, etc.—that have been moved in or produced for commerce. 29 U.S.C. § 203(s)(1).

21. At all relevant times, ATI has had an annual gross volume of sales made or business done of not less than $1,000,000 each year.

22. At all relevant times, the Hourly Employees were ATI's "employees" within the meaning of the FLSA. 29 U.S.C. § 203(e).

23. At all relevant times, the Hourly Employees were engaged in commerce or in the production of goods for commerce.

## FACTS

24. ATI touts that its "capabilities range from alloy development and vacuum melting to rolling, forging, powder and additive manufacturing, with high-value fabrication services" and employs more than 7,000 employees globally.[1]

25. ATI advertises open jobs across its facilities and solicits applications for these open jobs through its website, including at its Irvine, California facility:[2]

[1] https://www.atimaterials.com/business/Pages/default.aspx and https://careers.atimaterials.com/us/en (last visited July 30, 2025).
[2] https://careers.atimaterials.com/us/en/c/other-jobs?s=1 (last visited October 9, 2025).

> ATI is currently looking for a Heat Treat Operator within our manufacturing facility in Irvine, California. As a Heat Treat Operator, you will be an integral part of a successful team that is responsible for producing machined in military, aerospace, oil/gas and other applications.
>
> In this role, you will be responsible for performing the required heating and cooling operations necessary to impact physical properties in forgings to conform to our customer specifications and meet product performance goals and objectives.
>
> A successful Heat Treat Operator uses their interpersonal skills to work collaboratively with cross-functional teams, understands heat treat/furnace principles, and is able to analyze and resolve problems effectively and implement long-term solutions. This role is Monday-Friday from 4am – 12:30pm.
>
> The pay scale for this position is currently $21-$26/hr.

[3]

26. As the job advertisement makes clear, ATI sets the duties, schedule, pay, etc. it requires for this role.

27. To meet its business objectives, ATI employs workers, including Luna and the other Hourly Employees.

28. For example, Luna has worked for ATI as a shift lead and non-destructive technician since approximately February 2015 in ATI's Irvine, California facility.

29. ATI's "production of highly engineered forgings and machined components takes place at facilities in Cudahy, Appleton and Coon Valley, WI, East Hartford, CT, and Irvine, CA."[4]

30. Luna worked in ATI's Irvine, California facility pursuant to policies, procedures, pay, and benefits established and controlled by ATI's centralized management and human resources in Pittsburgh.[5]

31. Indeed, prior to filing this action, Luna mailed a request for his personnel, time, and

---

[3] https://careers.atimaterials.com/us/en/job/25-3172/Heat-Treat-Operator-1st-Shift (last visited October 9, 2025).
[4] https://s27.q4cdn.com/226628310/files/doc_financials/2024/ar/ATI-2024-Annual-Report-March-2025.pdf (last visited October 10, 2025).
[5] *See*, https://careers.atimaterials.com/us/en/benefits (last visited October 10, 2025).

pay records, pursuant California Labor Code sections 226, 432, and 1198.5, to ATI's Pittsburgh headquarters.

32. In response, an ATI paralegal located in Pittsburgh, Katherine Wagner, from an "@ATImaterials" email address, provided Luna's employee records through its centralized "employee resource center in Pittsburgh, PA."[6]

33. Luna's primary job duties include coordinating and implementing non-destructive ultrasonic testing on metal products for quality control purposes.

34. Throughout his employment, Luna has regularly worked more than 40 hours a workweek.

35. Indeed, Luna typically works approximately 10 hours a workday for 4 to 5 days a week (40 to 50 hours a workweek) "on the clock."

36. ATI pays Luna approximately $38.79 an hour.

37. Likewise, the other Hourly Employees typically work approximately 40 to 50 hours a workweek "on the clock."

38. And Luna and the other Hourly Employees are required to report their "on the clock" hours worked via ATI's designated timekeeping system.

39. At the end of each pay period, Luna and the other Hourly Employees (across all ATI facilities nationwide) receive wages from ATI that are determined by common systems and methods that ATI selects and controls.

40. But ATI does not pay Luna and the other Hourly Employees at the required premium overtime rates for all hours worked in excess of 40 a workweek.

41. Instead, ATI pays Luna and the other Hourly Employees under its bonus pay scheme.

---

[6] https://s27.q4cdn.com/226628310/files/doc_financials/2024/ar/ATI-2024-Annual-Report-March-2025.pdf (last visited October 10, 2025).

42. Specifically, ATI agrees to pay and subsequently pays Luna and the other Hourly Employees non-discretionary bonuses, including production/"profit sharing" bonuses and referral bonuses, calculated based on predetermined criteria set by ATI.

43. But ATI fails to include these non-discretionary bonuses in Luna and the other Hourly Employees' regular rates of pay for overtime purposes.

44. For example, during the pay period ending June 29, 2024, ATI paid Luna a $1,000 "Referral Bonus" which was the second $1,000 installment of the referral bonus ATI paid to Luna during 2024, approximately 6 months following payment of the first half:

| Earnings | rate | hours | this period | year to date |
|---|---|---|---|---|
| Referral Bonus | | | 1,000.00 | 2,000.00 |
| Regular | | | | 29,855.35 |
| Overtime | | | | 10,133.44 |
| Award | | | | 800.00 |
| Bonus | | | | 848.75 |
| Floating Hol | | | | 700.00 |
| Holiday | | | | 2,394.00 |
| Pd Sick Leave | | | | 1,078.00 |
| Shift 2 | | | | 1,924.23 |
| Vacation | | | | 3,962.00 |
| | Gross Pay | | $1,000.00 | 53,695.77 |

45. But ATI failed to include this Referral Bonus in Luna's regular rate of pay for overtime purposes, as recorded on Luna's paystub for the pay period ending June 29, 2024:

| Earnings | rate | hours | this period | year to date |
|---|---|---|---|---|
| Regular | 36.4000 | 64.00 | 2,329.60 | 29,855.35 |
| Overtime | 54.6000 | 15.00 | 819.00 | 10,133.44 |
| Shift 2 | 1.8200 | 64.00 | 116.48 | 1,924.23 |
| Shift 2 | 2.7300 | 15.00 | 40.95 | |
| Award | | | | 800.00 |
| Bonus | | | | 848.75 |
| Floating Hol | | | | 700.00 |
| Holiday | | | | 2,394.00 |
| Pd Sick Leave | | | | 1,078.00 |
| Referral Bonus | | | | 1,000.00 |
| Vacation | | | | 3,962.00 |
| | Gross Pay | | $3,306.03 | 52,695.77 |

46. Thus, under its bonus pay scheme, ATI does not pay Luna and the other Hourly Employees (nationwide) overtime wages of at least 1.5 times their regular rates of pay—based on all

remuneration—for all hours they work in excess of 40 a workweek.

## COLLECTIVE ACTION ALLEGATIONS

47. Luna brings his FLSA claims as a collective action pursuant to 29 U.S.C. § 216(b).

48. Like Luna, the other Hourly Employees are victimized by ATI's bonus pay scheme.

49. Other Hourly Employees worked with Luna and indicated they were paid in the same or similar manner, performed similar work, and were subject to ATI's same or similar bonus pay scheme.

50. Based on his experience with ATI, Luna is aware ATI's bonus pay scheme was imposed on other Hourly Employees.

51. The Hourly Employees are known to ATI and can be readily identified through ATI's business and personnel records.

52. The Hourly Employees are similarly situated in the most relevant respects.

53. Even if their precise job titles, duties, and locations might vary, these differences do not matter for the purpose of determining their entitlement to overtime

54. Therefore, the specific job titles or job locations of the Hourly Employees do not prevent collective treatment.

55. Rather, the Hourly Employees are held together by ATI's bonus pay scheme, which systematically deprived Luna and the other Hourly Employees of overtime wages at the required premium rates.

56. ATI's records show the number of hours the Hourly Employees worked "on the clock" each workday and workweek.

57. ATI's records likewise show it paid the Hourly Employees non-discretionary bonuses that it failed to include their regular rates of pay for overtime purposes.

58. The back wages owed to Luna and the other Hourly Employees can therefore be

calculated using the same formula applied to the same records.

59. Even if the issue of damages were somewhat individual in character, the damages can be calculated by reference to ATI's records, and there is no detraction from the common nucleus of liability facts.

60. Therefore, the issue of damages does not preclude collective treatment.

61. And Luna's experiences are therefore typical of the experiences of the other Hourly Employees.

62. Luna has no interest contrary to, or in conflict with, the interests of other Hourly Employees that would prevent collective treatment.

63. Luna has an interest in obtaining the unpaid wages owed to the Hourly Employees under the FLSA.

64. Luna and his counsel will fairly and adequately represent the Hourly Employees.

65. Luna retained counsel with significant experience in handling complex class and collective action litigation.

66. A collective action is superior to other available means for fair and efficient adjudication of this lawsuit.

67. Absent this collective action, many Hourly Employees will not obtain redress for their injuries, and ATI will reap the unjust benefits of violating the FLSA.

68. Further, even if some of the Hourly Employees could afford individual litigation against ATI, it would be unduly burdensome to the judicial system.

69. Indeed, the multiplicity of actions would create hardship to the Hourly Employees, the Court, and ATI.

70. Conversely, concentrating the litigation in one forum will promote judicial economy and consistency, as well as parity among the Hourly Employees' claims.

71. The questions of law and fact that are common to each Hourly Employee predominate over any questions affecting solely the individual members.

72. The common questions of law and fact include:

a. Whether ATI paid the Hourly Employees non-discretionary bonuses;

b. Whether ATI failed to include non-discretionary bonuses in calculating the Hourly Employees' regular rates of pay;

c. Whether ATI failed to pay the Hourly Employees overtime wages at the required premium rate—based on all remuneration—for all overtime hours worked;

d. Whether ATI's decision not to pay the Hourly Employees overtime wages at the required rate—based on all remuneration—for all overtime hours worked was made in good faith; and

e. Whether ATI's violations were willful.

73. As part of its regular business practices, ATI intentionally, willfully, and repeatedly violated the FLSA.

74. ATI's policies deprived Luna and the other Hourly Employees of the earned wages, including overtime wages they are owed under the FLSA.

75. There are many similarly situated Hourly Employees who have been denied overtime wages of at least 1.5 times their regular rates of pay—based on all remuneration—in violation of the FLSA who would benefit from the issuance of a court-supervised notice of this lawsuit and the opportunity to join it.

76. The Hourly Employees are known to ATI, are readily identifiable, and can be located through ATI's business and personnel records.

## ATI's Violations Were Willful

77. ATI knew it was subject to the overtime provisions of the FLSA.

78. ATI knew the FLSArequired it to pay non-exempt employees, including Luna and the other Hourly Employees, wages for all hours worked.

79. ATI knew the FLSA required it to pay non-exempt employees, including Luna and the other Hourly Employees overtime wages at rates not less than 1.5 times their regular rates of pay, based on all remuneration, for all hours worked in excess of 40 in a workweek.

80. ATI knew Luna and the other Hourly Employees are non-exempt employees entitled to overtime wages under the Labor Code.

81. ATI knew it paid the Hourly Employees by the hour.

82. ATI knew Luna and the other Hourly Employees worked more than 40 hours in at least one workweek during the 3 years before this Complaint was filed because it required them to report their "on the clock" hours worked.

83. ATI knowingly, willfully, and/or in reckless disregard carried out its illegal policies that systematically deprived Luna and the other Hourly Employees of their earned overtime wages in violation of the FLSA.

84. In sum, ATI's violations were willful, carried out in bad faith, and caused significant damage to Luna and the other Hourly Employees.

## Count I
## Failure to Pay Overtime Wages
## Pursuant to 29 U.S.C § 216
## (FLSA Collective)

85. Luna brings his FLSA claims on behalf of himself and the other FLSA Collective Members pursuant to 29 U.S.C. § 216(b).

86. ATI violated, and is violating, the FLSA by employing non-exempt employees (Luna and the other FLSA Collective Members) in a covered enterprise for workweeks in excess of 40

hours without paying such employees overtime wages at rates not less than 1.5 times their regular rates of pay for all hours worked in excess of 40 each workweek.

87. ATI's unlawful conduct harmed Luna and the other FLSA Collective Members by depriving them of the overtime compensation they are owed.

88. Accordingly, ATI owes Luna and the other FLSA Collective Members the difference between the overtime wages actually paid and the proper overtime wages actually earned.

89. Because ATI's FLSA violations were willful, ATI owes these wages for at least the past 3 years.

90. Because ATI's FLSA violations were not committed in good faith, ATI is also liable to Luna and the other FLSA Collective Members for an additional amount equal to all unpaid wages as liquidated damages.

91. Finally, Luna and the other FLSA Collective Members are entitled to recover all reasonable attorneys' fees and costs incurred in this action.

## Relief Sought

WHEREFORE, Luna, individually and on behalf of the other Hourly Employees, and Hourly Employees seek the following relief:

a. An Order designating this lawsuit as a collective action and authorizing notice to the FLSA Collective Members allowing them to join this action by filing a written notice of consent;

b. An Order finding ATI liable to Luna and the other FLSA Collective Members for all unpaid overtime wages owed under the FLSA, plus liquidated damages in an amount equal to their unpaid wages;

c. A Judgment awarding Luna and the other Hourly Employees all unpaid wages, liquidated damages, and any other penalties available under the

FLSA;

d. An Order awarding attorney's fees, costs, and expenses as provided by the FLSA to the Hourly Employees;

e. Pre- and post-judgment interest at the highest applicable rates; and

f. Such other and further relief as may be necessary and appropriate.

Dated: October 10, 2025

Respectfully submitted,

**JOSEPHSON DUNLAP LLP**

By: */s/ Richard M. Schreiber*
Michael A. Josephson
PA ID No. 308410
Andrew W. Dunlap
TX Bar No. 24078444
Richard M. Schreiber
TX Bar No. 24056278
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
Phone: (713) 352-1100
Fax: (713) 352-3300
mjosephson@mybackwages.com
adunlap@mybackwages.com
rschreiber@mybackwages.com

Richard J. (Rex) Burch
TX Bar No. 24001807
**BRUCKNER BURCH PLLC**
11 Greenway Plaza, Suite 3025
Houston, Texas 77046
Phone: (713) 877-8788
Fax: (713) 877-8065
rburch@brucknerburch.com

Joshua P. Geist
PA ID No. 85745
William F. Goodrich
PA ID No. 30235
**GOODRICH & GEIST, PC**
3634 California Avenue
Pittsburgh, Pennsylvania 15212
Phone: (412) 766-1455
Fax: (412) 766-0300
josh@goodrichandgeist.com
bill@goodrichandgeist.com

**ATTORNEYS FOR LUNA & THE HOURLY EMPLOYEES**

## CERTIFICATE OF SERVICE

I hereby certify that on October 10, 2025, I electronically filed the foregoing document with the Clerk of Court using the Court's CM/ECF system and that all counsel who have made appearances in this case will receive service through the CM/ECF.

*/s/Richard M. Schreiber*
**Richard M. Schreiber**